No. 116,068

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY J. WILLIAMS,
*Appellant*.

SYLLABUS BY THE COURT

1.

Because the crime of refusing to submit to a breath test has been declared unconstitutional by the Kansas Supreme Court, a pending conviction for a violation of the statute must be dismissed or vacated.

2.

A conviction for a violation of Wichita Municipal Ordinance 11.38.150 as it existed prior to September 13, 2016, cannot be used as a predicate offense for sentencing enhancement purposes under the Kansas driving under the influence statute.

3.

Judges are not required to turn a blind eye to a person's total criminal history. They are free to consider all prior convictions and the facts related to said convictions as long as such consideration does not enhance a defendant's sentence beyond the statutory maximum.

Appeal from Sedgwick District Court; STEPHEN J. TERNES and BRUCE C. BROWN, judges. Opinion filed March 9, 2018. Convictions reversed in part, sentences vacated in part, and case remanded with directions.

1

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BUSER and SCHROEDER, JJ.

ARNOLD-BURGER, C.J.:  To determine whether to sentence a driving under the influence (DUI) offender in Kansas to a misdemeanor, meaning one or fewer prior DUI convictions, or a felony, meaning two or more prior DUI convictions, the court must verify the number of prior convictions. A conviction is defined as including not only prior convictions under K.S.A. 2016 Supp. 8-1567 but also including "a violation of an ordinance of any city . . . which prohibits the acts that [K.S.A. 8-1567] prohibits." K.S.A. 2016 Supp. 8-1567(i)(1).

Timothy J. Williams was convicted of a felony DUI because he had a prior DUI conviction under K.S.A. 8-1567 and another DUI conviction under a similar Wichita municipal ordinance. He argues that the district court improperly counted his Wichita municipal DUI because the city ordinance did not prohibit the same acts prohibited by K.S.A. 8-1567. We agree and vacate his sentence and remand for sentencing as a second-time offender under K.S.A. 2016 Supp. 8-1567(b)(1)(B).

Williams also asserts that he was improperly convicted of refusing to take a breath test under K.S.A. 2012 Supp. 8-1025, which was found to be unconstitutional by the Kansas Supreme Court. We agree and reverse his conviction for refusing to take a breath test.

## FACTUAL AND PROCEDURAL HISTORY

In 2013, Williams was charged with refusing to submit to a breath test to determine the presence of alcohol; felony DUI; and failure to maintain a single lane. In order to establish that the DUI charge was a felony, the complaint referenced in part a prior DUI conviction in the Wichita Municipal Court. In 2012, Williams was convicted of DUI under Wichita Municipal Ordinance (W.M.O.) 11.38.150.

Williams filed a motion to dismiss the charge of refusing to submit to a breath test arguing that K.S.A. 2012 Supp. 8-1025 was unconstitutional because it criminalized his refusal to submit to a breath test. He also filed a motion to dismiss the felony DUI charge, arguing that his prior conviction for DUI under W.M.O. 11.38.150 could not be used as a prior DUI conviction for purposes of determining the level offense. The district court denied both motions.

The State and Williams proceeded to a bench trial on stipulated facts. At the bench trial, Williams preserved his arguments regarding the constitutionality of the criminalization of his refusal to submit to a breath test and the use of the Wichita municipal conviction for enhancement of his DUI from a misdemeanor to a felony. The district court judge found Williams guilty on all counts.

At sentencing, Williams again objected to his criminal history rearguing that his DUI conviction under W.M.O. 11.38.150 could not be used as a prior DUI when determining his sentence in the present case. The court denied Williams' objection. Williams was sentenced on Counts 1 and 2 to concurrent 12-month sentences. He was ordered to serve 72 hours in jail, followed by 2,088 hours of work release, with a $1,750 fine on each count. Williams was also ordered to serve 12 months of postimprisonment supervision. Williams was fined $50 on Count 3.

3

Williams timely appeals, arguing that his conviction under K.S.A. 2012 Supp. 8-1025 was unconstitutional and that the district court erred by considering his Wichita Municipal DUI for purposes of enhancing his sentence.

ANALYSIS

*Williams' conviction for refusing to submit to a breath test under K.S.A. 2012 Supp. 8-1025 must be vacated.*

Williams' conviction for refusing to submit to a test to determine presence of alcohol or drugs arose from K.S.A. 2012 Supp. 8-1025. On appeal, he argues that K.S.A. 2016 Supp. 8-1025 was found to be unconstitutional by the Kansas Supreme Court and therefore his conviction must be vacated. He is correct.

In *State v. Ryce*, 303 Kan. 899, Syl. ¶ 12, 368 P.3d 342 (2016), *aff'd on reh.* 306 Kan. 682, 396 P.3d 711 (2017), the Kansas Supreme Court found that K.S.A. 2016 Supp. 8-1025 is unconstitutional. This court is duty bound to follow Kansas Supreme Court precedent, absent some indication that the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Because the Kansas Supreme Court declared K.S.A. 2016 Supp. 8-1025 unconstitutional, Williams' conviction under that statute must be reversed.

*The district court erred when it sentenced Williams to a felony DUI by including his prior Wichita municipal conviction for DUI as part of the felony sentencing calculus.*

Williams was charged with felony DUI. The offense was classified as a felony because it was alleged that he had two prior DUI convictions in the preceding 10 years, one in Sedgwick County and one in the Wichita Municipal Court. As it applies to the

4

facts of this case, under Kansas DUI law, for purposes of determining whether the offense was properly classified as a felony a conviction is defined as including "a violation of an ordinance of any city . . . which prohibits the acts that [K.S.A. 8-1567] prohibits." K.S.A. 2016 Supp. 8-1567(i)(1).

On appeal, Williams argues that the district court could not consider his Wichita Municipal Court DUI conviction under W.M.O. 11.38.150 because the Wichita ordinance did not, in January 2013, prohibit the same acts that 8-1567 prohibits. The difference between the state statute and the city ordinance is clear.

Both the city ordinance and the state law prohibit operating a "vehicle" while under the influence of alcohol or drugs or with an alcohol concentration of .08 or more—using the exact same language. K.S.A. 2016 Supp. 8-1567(a); W.M.O. 11.38.150(a). The difference comes in the definition of the term "vehicle." Under State law, the term includes "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except electric personal assistive mobility devices or devices moved by human power or used exclusively upon stationary rails or tracks." K.S.A. 2016 Supp. 8-1485. At the time Williams was convicted Wichita defined "vehicle" as "'every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.'" *City of Wichita v. Hackett*, 275 Kan. 848, 850, 69 P.3d 621 (2003). Because Wichita did not contain an exception for devices moved by human power it considered riding a bicycle while under the influence of alcohol a DUI, while the State did not. We pause to note that W.M.O. 11.04.400 was recently changed to define "vehicle" to mirror the State's definition of "vehicle." See W.M.O. 11.04.400 (Ord. No. 50-317, § 1, adopted September 13, 2016). Wichita has also adopted a separate ordinance of bicycling under the influence of alcohol or drugs. W.M.O. 11.48.190 (Ord. No. 50-316, §§ 1, 2, adopted September 13, 2016).

5

Whether the definition of a conviction under K.S.A. 2016 Supp. 8-1567(i)(1) includes a city ordinance that is not identical—but is in fact broader than the state law, is a matter of statutory construction.

*Our standard of review is de novo.*

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. 303 Kan. at 813.

*Both the Kansas Court of Appeals and the Kansas Supreme Court have considered this issue before.*

This argument is not new to this court and, with one exception, prior panels have all found that a Wichita municipal DUI conviction, as it existed before September 13, 2016, could not be counted for enhancement purposes because the city ordinance was broader than the state law. See *State v. Lamone*, 54 Kan. App. 2d 180, 193, 399 P.3d 235 (2017), *petition for rev. granted* February 26, 2018 (because Wichita ordinance is broader, and fact-finding would be needed, cannot be used for sentence enhancement); *State v. Fisher*, No. 115,277, 2017 WL 2021526, at *5 (Kan. App.) (unpublished opinion), *rev. granted* 306 Kan. 1323 (2017) (same); *State v. Mears*, No. 115,278, 2017 WL 1534748, at *6 (Kan. App. 2017) (unpublished opinion), *rev. granted* 306 Kan. 1327

6

(2017) (same); *State v. Schrader*, No. 115,196, 2017 WL 947631, at *4 (Kan. App.) (unpublished opinion), *rev. granted* 306 Kan. 1329 (2017) (same, although interpreting similar provisions in K.S.A. 2014 Supp. 21-6811[c][2]). But see *State v. Gensler*, No. 112,523, 2016 WL 2610262, at *5 (Kan. App. 2016) (unpublished opinion), *rev. granted* 306 Kan. 1323 (2017) (applying modified categorical approach to determine that based on the fact that the traffic tickets in the prior Wichita Municipal Court convictions said Gensler was driving a truck—and therefore not a bicycle—the court properly counted the convictions for enhancement purposes). All have been accepted for review by the Kansas Supreme Court.

Likewise, all panels of our court addressing the issue outside of the Wichita municipal DUI context have held that K.S.A. 2016 Supp. 8-1567(i) means that a municipal ordinance or an out of state statute must prohibit the *same* acts that are prohibited under K.S.A. 2016 Supp. 8-1567(a). See, e.g., *State v. Stanley*, 53 Kan. App. 2d 698, Syl. ¶ 3, 390 P.3d 40 (2016), *rev. denied* 304 Kan. 1022 (2017) (Missouri DUI is broader than Kansas law therefore a Missouri conviction cannot be used for enhancement purposes); *State v. Butler*, No. 107,767, 2013 WL 1457958, at *1-3 (Kan. App. 2013) (unpublished opinion) (Texas DUI statute broader than Kansas, so conviction cannot a be used for enhancement); *State v. Wood*, No. 105,128, 2012 WL 718928, at *2 (Kan. App. 2012) (unpublished opinion) (Lenexa ordinance that simply prohibited operating "'under the influence of alcohol'" instead of operating "'under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle'" resulted in the Lenexa ordinance being broader than the statute and therefore the Lenexa DUI could not count as a prior DUI conviction under state law); *State v. McClain*, No. 104,263, 2011 WL 3795476, at *2 (Kan. App. 2011) (unpublished opinion) (DUI conviction under 1978 Overland Park ordinance that merely prohibited operating a vehicle under the influence of alcohol, without the additional language of "'to a degree that renders the person incapable of safely driving a vehicle'" could not be used for enhancement purposes). But when the ordinance and the statute are identical, prior municipal ordinance DUI

7

convictions *do* count as prior convictions under state law. *State v. Hurt*, No. 108,290, 2013 WL 4404195, at *5 (Kan. App. 2013) (unpublished opinion); *State v. Miller*, No. 108,302, 2013 WL 1943153, at *8 (Kan. App. 2013) (unpublished opinion) (same).

The Kansas Supreme Court has weighed in on this issue once, in *City of Wichita v. Hackett*, 275 Kan. 848, 69 P.3d 621 (2003). *Hackett* was the first, and so far the only, case in which our Supreme Court was confronted with a municipal DUI ordinance that was broader than the state DUI statute. *Hackett* involved the same ordinance at issue here, W.M.O. 11.38.150.

Hackett directly appealed his municipal conviction for DUI on a bicycle. He argued that the City of Wichita had no authority to expand the definition of vehicle beyond that contained in state law. The Supreme Court disagreed and concluded that "the City of Wichita has the authority to prohibit the operation of bicycles while under the influence of alcohol." 275 Kan. at 852.

But the Supreme Court next addressed whether Hackett's municipal conviction also qualifies as a prior conviction for state sentencing purposes under the Kansas DUI statute, K.S.A. 8-1567. The court found that it did not. The court relied on the language of then K.S.A. 8-1567(l) (now K.S.A. 2016 Supp. 8-1567[i][1]) which provided, as it does now, that for current sentencing purposes, a prior ""conviction" includes being convicted of a violation of . . . an ordinance of any city, or resolution of any county, *which prohibits the acts that this section prohibits . . . .*'" (Emphasis added.) 275 Kan. at 852.

> "These statutes disclose that the legislature intended to limit the consequences of a DUI conviction to those acts proscribed by state law. Operating a bicycle while under the influence, though a violation of the city code, is not a DUI under K.S.A. 8-1567. *Such*

8

*a conviction* therefore does not count for state sentencing purposes concerning the instant offense or subsequent offenses." (Emphasis added.) 275 Kan. at 853.

The issue in *Hackett* was merely one of statutory construction. Because K.S.A. 2016 Supp. 8-1567(i) has its own internal provision regarding how prior convictions are reviewed to enhance a current DUI sentence, the court simply needed to review and interpret the statutory language. What is meant by the requirement that the ordinance "prohibit the acts that this section prohibits" in order to be considered a conviction? Does it mean the city ordinance must be identical (or perhaps narrower) than the state law to count the conviction for sentencing purposes?

In the opening paragraph of *Hackett* the court set out the issues on appeal. The pertinent issue, and its short answer, was stated as: "Does a conviction for DUI as defined under the [Wichita] City ordinance qualify as a conviction under K.S.A. 8-1567? No." 275 Kan. at 849. That seems to end the matter. Our Supreme Court has made it clear that when a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). It would not be an unreasonable reading of the statute to find that the plain meaning of the statute prohibits counting any DUI conviction under a city ordinance that varies at all from state law as a prior conviction for sentence enhancement purposes. This interpretation also seems reasonable given a DUI conviction has collateral consequences under state law beyond just the sentence. It also impacts other provisions regarding the suspension of the defendant's driver's license and results in certain enhancements under the revised Kansas Sentencing Guidelines Act (KSGA). See K.S.A. 2016 Supp. 8-1014; K.S.A. 2016 Supp. 8-1567(j); K.S.A. 2016 Supp. 21-6811(c).

Moreover, the language of the internal sentencing enhancement provision of K.S.A. 2016 Supp. 8-1567(i)(1) is different than the corresponding provisions of the

KSGA that require the statutes be "comparable." K.S.A. 2016 Supp. 21-6811(e). The Legislature did not use the word "comparable" in the DUI statute, so it must have meant something different. "It is presumed the legislature understood the meaning of the words it used and intended to use them . . . in their ordinary and common meaning." *Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, Syl. ¶ 8, 834 P.2d 368 (1992). Our Supreme Court has found that comparable does not mean identical. *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014) (citing *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 [2003], *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 1032, 350 P.3d 1054 [2015] [*Dickey I*]). This leads to a reasonable conclusion that "prohibits the acts that this section prohibits" means the ordinance must be identical.

But the language quoted later in the body of the opinion that "such a conviction" does not count for sentencing purposes, has raised the question of some of our panels regarding whether the Supreme Court meant that a Wichita DUI conviction that involved a person on a bicycle would not be counted, but a Wichita DUI conviction involving a person driving a truck would be counted because that provision is identical to State law. See *Mears*, 2017 WL 1534748, at *4-5. And why should it matter? Because to determine whether a person was convicted of driving a truck or a bicycle would require fact-finding by the court beyond the mere conviction itself. Based on cases that have been issued since *Hackett*, such judicial action may violate a defendant's constitutional rights. So our court has routinely compared the Wichita DUI law in light of those constitutional rights.

*We examine the constitutional overlay to the statute.*

As Justice Stegall pointed out in *State v. Dickey*, 305 Kan. 217, 221, 380 P.3d 230 (2016) (*Dickey II*), even though "the proper classification of a prior crime is exclusively a matter of state statutory law" there is a "thick overlay of constitutional law." *Hackett* was decided after *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)—which held that a fact, *other than the existence of a previous conviction*,

10

used to increase a criminal defendant's sentence above the statutory maximum must be proved to a jury beyond a reasonable doubt—but before a long line of constitutional law cases that make up the "thick overlay" to which Justice Stegall refers.

*Post-*Apprendi *caselaw regarding consideration of prior convictions to enhance a sentence*

For several years after the United States Supreme Court issued its decision in *Apprendi*, little thought was given to counting prior convictions for sentence enhancement purposes. Based on *Apprendi*, it was believed that such action did not have any constitutional implications. But 13 years later in *Descamps v. United States*, 570 U.S. 254, 269, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), the United States Supreme Court made it clear that when the prior crime of conviction is broader than the generic crime to which it is being compared—requiring the court to look beyond the mere fact of a conviction and examine the facts that gave rise to the conviction—the right to a jury trial under the Sixth Amendment to the United States Constitution is implicated. 570 U.S. at 269. The Kansas Supreme Court adopted this reasoning for the first time in *Dickey I*, 301 Kan. at 1038-39.

The methods for determining whether the court would have to impermissibly look at underlying facts in violation of the defendant's Sixth Amendment rights were defined as the categorical approach and the modified categorical approach. 301 Kan. at 1037.

The categorical approach is appropriate when the statute sets out a single set of elements constituting the crime. "If the elements of the prior conviction are the same as, or narrower than, the elements of the corresponding crime . . . , then the prior conviction may be counted as a predicate offense." 301 Kan. at 1037. As recently clarified by the United States Supreme Court in *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 2248, 195 L. Ed. 2d 604 (2016), elements are what the jury must find beyond a

11

reasonable doubt at trial to convict the defendant. When a statute defines a single crime with a single set of elements, the analysis is straightforward. The example provided by the United States Supreme Court in *Mathis* is helpful. Generic burglary is unlawfully entering a building with the intent to steal. In California, however, the burglary statute included lawful or unlawful entry into a building with the intent to steal as burglary. Accordingly, a shoplifting offense could be classified as a burglary. The California statute was clearly broader. A jury would only have to find beyond a reasonable doubt that the defendant entered a building to convict. Because a jury would not have had to find that there was an unlawful entry, a sentencing court would have to look beyond the conviction to the underlying facts of the offense—was the entry in the case unlawful or lawful. Such an inquiry is prohibited under the Sixth Amendment. 136 S. Ct. at 2248-49.

Similarly, a statute may define various factual means to commit a single element. For example, again from *Mathis*, a statute may require the use of a deadly weapon as an element of the crime. It may go on to state that a knife, gun, bat, or similar weapon all qualify as a deadly weapon. Because such a listing merely defines different factual ways to satisfy the element of "deadly weapon," the jury is not required to agree on which kind of deadly weapon was used, merely that a deadly weapon was used. 136 S. Ct. at 2249. In *Mathis*, the generic crime of burglary was defined as unlawful entry into a building or other structure. The statute under which Mathis was convicted in Iowa was broader, prohibiting unlawful entry into any building, structure, *or land, water, or air vehicle*. The jury would not have had to decide which of the various factual scenarios was present, just that one of them was present. But generic burglary does not prohibit entry into a land, water, or air vehicle. For sentencing purposes, the court would be required to look at which type of place was entered to determine if the conviction should count as a prior to enhance the sentence. Such an inquiry is prohibited under the Sixth Amendment. 136 S. Ct. at 2248-49.

The modified categorical approach is used to determine which elements played a part in the defendant's conviction. Again, what did the jury have to find to convict the defendant? *Mathis*, 136 S. Ct. at 2253. It is still an elements-only inquiry. This is true even if the sentencing judge knows or can easily discover that the actual facts underlying defendant's prior conviction satisfy the elements of the offense to which it is compared. 136 S. Ct. at 2251.

This approach is used when the prior conviction statute is divisible—in other words, when the statute under which the defendant previously was convicted provides alternative ways of committing the crime, each with its own set of elements, sometimes even with different punishments. Under the modified categorical approach, the court can look at a limited set of documents to determine which set of statutory elements it should use for purposes of comparing that prior conviction with the elements of the current comparable offense. So, the modified categorical approach lets the court look at a few documents from the prior conviction *only* to determine which alternative set of elements in the prior conviction statute it should compare to the current comparable offense. *Descamps*, 570 U.S. at 257-58. Not to over emphasize, but it is never an examination of facts, only a review of elements.

An example may clarify this distinction. To commit an aggravated robbery requires a defendant commit a robbery and either be armed with a deadly weapon or inflict bodily harm upon a person—two entirely distinct ways of violating the statute. K.S.A. 2016 Supp. 21-5420(b)(1), (2). If the fact to be determined from the conviction were whether the defendant had a deadly weapon, the armed robbery conviction alone would not be sufficient. But the court could look at the judgment to see if the defendant was convicted of violating K.S.A. 2016 Supp. 21-5420(b)(1), the section of the statute identifying a deadly weapon as an essential element. The documents, however, may not be used to prove the fact itself but merely to point out the applicable statutory violation underlying the crime of conviction. The fact must then be evident from the statutory

13

elements. That is, the court must look to the statutory elements of the crime of conviction as codified to discern the fact rather than the case-specific circumstances supporting the particular defendant's guilt. The sentencing judge could be confident that the jury would have had to find the defendant guilty of having a deadly weapon in order to convict.

Given this background, we find—as have all but one other panel of this court—that the modified categorical approach would not be appropriate in determining whether Williams had a prior DUI conviction involving something other than a bicycle, although such information would be easy to determine. The ordinances in question simply list various facts that make up the definition of vehicle. The list of vehicles is broader than the state law. Each type of vehicle is not a separate element of the offense. The defendant's conviction was for operating a vehicle in violation of K.S.A. 2016 Supp. 8-1567. The jury would not have had to determine which type of vehicle. Because without looking at further documentation and facts not proven to a jury we cannot conclude that a jury found beyond a reasonable doubt that he was driving a truck or car, Williams' municipal conviction for DUI cannot be used for enhancement purposes under a constitutional analysis.

*The sentencing impact of our decision is considered.*

Finally, we are compelled to note that although we are remanding this for resentencing pursuant to K.S.A. 2016 Supp. 8-1567(b)(1)(B), the only guaranteed benefit Williams will get from such a resentencing is the reclassification of his crime from a felony to a misdemeanor. The district judge sentenced Williams to 1 year in jail and a $1,750 fine. That is the statutory maximum for a second-time offense under K.S.A. 2016 Supp. 8-1567(b)(1)(B). Although the mandatory minimums vary for a second and third offense, there is no requirement that the court sentence an offender to the statutory minimum, the court simply cannot exceed the statutory maximum. Similarly, as it relates to crime classifications under the KSGA, simply because a prior offense does not fit the

criteria as a person crime, does not mean the prior offense is not counted at all. It is simply not given the designation of person crime that serves to increase the maximum sentence. Judges are not required to turn a blind eye to a person's total criminal history. They are free to consider all prior convictions and the facts related to said convictions as long as such consideration does not enhance a defendant's sentence beyond the statutory maximum.

Accordingly, other than the felony classification, there was nothing improper about the individual sentence imposed, although on remand the judge may, in his or her discretion, reduce the sentence to the mandatory minimum sentence for a second-time offender. It is also important to note that nothing prevents the district judge from considering Williams' prior record including the facts of his Wichita DUI in making a sentencing decision that does not statutorily enhance his sentence beyond the maximum. So the district judge would have the discretion to impose the same sentence imposed on January 15, 2016.

In sum, Williams' conviction for refusing the breath test is reversed and his sentence vacated. His sentence for DUI is vacated, and the case is remanded for the district court to sentence him under K.S.A. 2016 Supp. 8-1567(b)(1)(B).