NOT DESIGNATED FOR PUBLICATION

No. 119,033

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRENT M. BARRY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed March 1, 2019. Affirmed in part, reversed in part, and vacated in part.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HILL, J., and WALKER, S.J.

PER CURIAM: Brent M. Barry appeals his convictions of driving under the influence (DUI) and improper stopping or parking following a bench trial on stipulated facts. Barry claims the district court erred by allowing the State to amend the information to add the DUI charge. He also claims there was insufficient evidence to support his convictions. As the State concedes, the stipulated facts contained insufficient evidence to support Barry's conviction of improper stopping or parking, so we reverse that conviction and vacate the fine. But we otherwise affirm the district court's judgment.

1

On October 11, 2015, Sedgwick County Deputy Sheriff Tyler Brooks responded to a suspicious character call and found Barry in the driver's seat of a Toyota Corolla parked "in the middle of the roadway" with its lights on. Barry was the sole occupant of the car, and he was slumped over with his face pressed against the steering wheel. Brooks noticed Barry had vomit and saliva coming out of his mouth. Brooks knocked on the car's window, and Barry woke up and "attempted to start the car and put it in gear," but the car's battery was dead, so it would not start. When Brooks asked Barry to step out of the car, he observed that Barry smelled strongly of alcohol; he slurred his speech; his eyes were watery and bloodshot; he had difficulty balancing and leaning against the car; and he had difficulty answering questions. Barry refused a preliminary breath test (PBT), refused to undergo field sobriety testing, and refused to complete an intoxilyzer test.

On January 5, 2016, the State filed an information charging Barry with one count of refusing to submit to a test to determine the presence of alcohol or drugs in violation of K.S.A. 2015 Supp. 8-1025; one count of refusing to take a PBT in violation of K.S.A. 2015 Supp. 8-1012; and one count of improper stopping, standing, or parking in violation of K.S.A. 8-1569. A few weeks after the State filed its information against Barry, the Kansas Supreme Court issued its opinion in *State v. Ryce*, 303 Kan. 900, Syl. ¶ 12, 368 P.3d 342 (2016), holding that K.S.A. 2014 Supp. 8-1025 was facially unconstitutional.

On May 4, 2016, the State filed an amended information adding a charge of felony DUI. A few weeks later, Barry filed a motion to strike the DUI count, arguing that the amendment added a new crime and prejudiced his substantial rights. The district court held a hearing on the motion on June 24, 2016. After hearing arguments of counsel, the district court denied Barry's motion, finding that he was not prejudiced by the additional charge and noting that the case had not yet been scheduled for a preliminary hearing.

Several months later, on November 29, 2016, Barry waived his right to a preliminary hearing. On December 20, 2016, Barry filed a motion to dismiss the charge of refusing to submit to a test to determine the presence of alcohol or drugs in violation of K.S.A. 2015 Supp. 8-1025, relying on the holding in *Ryce* that the statute criminalizing such a refusal was facially unconstitutional. On August 11, 2017, the district court granted Barry's motion and dismissed the charge of refusing to submit to a test to determine the presence of alcohol or drugs.

The parties agreed to submit the matter to the court for a bench trial on stipulated facts. On November 15, 2017, at the bench trial, Barry again moved for dismissal of the DUI count alleging that the State had improperly amended the information. The district court again denied the motion, incorporating by reference its prior ruling on the matter. The district court then considered the stipulated facts which provided:

"If this matter proceeded to trial, the State would present testimony from Sedgwick County Deputy Tyler Brooks. Deputy Brooks would testify that he responded to a suspicious character call and located a car in the middle of the roadway at 103rd and 87th St. West. Deputy Brooks found Brent Barry, the sole occupant of the parked Toyota Carolla [sic], in the driver's seat and slumped over the steering wheel. The Corolla was parked in the middle of the road with lights on. The car was inoperable due to a dead battery and could not be started. Deputy Brooks observed Mr. Barry to have vomit and saliva coming out of his mouth with his face pressed against the steering wheel. Deputy Brooks knocked on the window to wake Mr. Barry who woke up and attempted to start the car and put it in gear. Deputy Brooks asked Mr. Barry to step out of the car. Deputy Brooks observed that Mr. Barry had a strong odor of alcohol coming from his person, slurred speech, bloodshot watery eyes, balance problems, difficulty with answering questions, and leaning on the vehicle. Mr. Barry was offered a preliminary breath test and field sobriety testing, which he refused. Mr. Barry was asked to complete an intoxilyzer test and refused."

The district court found Barry guilty on all counts, including the DUI, refusing a PBT, and improper stopping or parking. On December 20, 2017, the district court sentenced Barry to 12 months in jail, including 180 days of post-imprisonment supervision and a $2,500 fine for the DUI, and the court fined Barry $195 for refusing to take a PBT and $75 for improper stopping or parking. Barry timely appealed.

AMENDED INFORMATION

On appeal, Barry renews his claim that the district court erred by allowing the State to amend the information to add the DUI charge. The State contends that the district court did not abuse its discretion by allowing the new charge.

"The State may, with the district court's leave, amend an information 'at any time before verdict . . . if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced.' K.S.A. 22-3201(e)." *State v. Dupree*, 304 Kan. 377, 386, 373 P.3d 811 (2016). Kansas appellate courts review a district court's decision whether to allow an amendment to an information for abuse of discretion. *State v. Calderon-Aparicio*, 44 Kan. App. 2d 830, 848, 242 P.3d 1197 (2010). A district court abuses its discretion if its judicial action is arbitrary, fanciful, or unreasonable, or if its judicial action is based upon an error of fact or law. *State v. Jenkins*, 308 Kan. 545, 557, 422 P.3d 72 (2018).

Barry contends that the requirements of K.S.A. 22-3201(e) were not satisified because the amended information allowed the State to charge an additional crime and prejudiced his substantial rights. The State concedes that it "did charge a new crime with the addition of DUI to the amended complaint," but it argues that Barry's claim of error still fails because the amendment did not prejudice his substantial rights.

4

As the State points out, the Kansas Supreme Court has interpreted the language in K.S.A. 22-3201(e). "In interpreting this statute, [our Supreme Court] has held that even the charging of a different crime may be allowed by an amendment to a complaint before trial, provided the substantial rights of the defendant are not prejudiced." *State v. Bischoff*, 281 Kan. 195, 205, 131 P.3d 531 (2006) (citing *State v. Woods*, 250 Kan. 109, Syl. ¶ 1, 825 P.2d 514 [1992], and *State v. Niblock*, 230 Kan. 156, 163, 631 P.2d 661 [1981]). Unless there is some indication that our Supreme Court is departing from its previous position, this court must follow Kansas Supreme Court precedent. *State v. Williams*, 55 Kan. App. 2d 389, 391, 416 P.3d 1024 (2018).

In *Niblock*, our Supreme Court considered an argument much like the one Barry now asserts. Ten days after the State filed its original complaint against the defendant, it filed an amended complaint, adding a count of aggravated assault. The defendant argued that "the trial court erred in approving the amended complaint because the approval was done without a court hearing and because the amendment added a different crime." 230 Kan. at 163. Our Supreme Court interpreted language identical to K.S.A. 22-3201(e) and reasoned:

> "The inquiry under the statute is whether prejudice has occurred to the appellant. 'Prior to trial, the prosecution is given wide discretion in amending the information as to form and substance.' The statute does not explicitly require that a hearing be held prior to the decision to amend a complaint. The absence of such a hearing is not error. It was not error to allow the prosecutor to add a different crime, and appellant fails to show that he was prejudiced, which he must do in order to obtain reversal on those grounds. [Citations omitted.]" 230 Kan. at 163.

Like the defendant in *Niblock*, Barry has articulated no particular prejudice to his substantial rights caused by the amendment. Instead, he asserts that the State had an improper motive for adding the new charge because our Supreme Court had declared K.S.A. 2014 Supp. 8-1025 facially unconstitutional in *Ryce*, resulting in the dismissal of

5

the charge against Barry for refusing to submit to a test to determine the presence of alcohol or drugs. Barry provides no legal authority to support his assertion that the State's motive for the amendment makes any difference. In any event, Barry fails to persuade us that the amendment was based on an improper motive by the State, and we focus our inquiry on whether Barry's substantial rights were prejudiced by the amendment.

Barry also generally discusses a criminal defendant's constitutional right to have a meaningful opportunity to present a full and complete defense. But he does not explain how the amendment to the information in this case impaired his exercise of that right. Here, the State filed its amended information adding the felony DUI charge six months before Barry waived his preliminary hearing. The district court did not hold the bench trial until almost one year after the preliminary hearing waiver. There is simply nothing in the record to support Barry's claim that the amended information prejudiced his substantial rights or impaired his ability to present a full and complete defense to the DUI charge. Based on K.S.A. 22-3201(e) and binding precedent interpreting the language of that statute, we conclude the district court did not abuse its discretion by allowing the State to amend the information to add the DUI charge.

SUFFICIENCY OF THE EVIDENCE

Barry also claims there was insufficient evidence to support his conviction for DUI and his conviction for improper stopping or parking. Barry does not challenge his conviction for refusing to take a PBT.

> "'When the sufficiency of the evidence is challenged in a criminal case, this court reviews
> the evidence in a light most favorable to the State to determine whether a rational
> factfinder could have found the defendant guilty beyond a reasonable doubt.' 'Appellate
> courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility
> determinations.' [Citations omitted.]" *State v. Lloyd*, 308 Kan. 735, 741, 423 P.3d 517
> (2018).

6

*Improper stopping or parking*

Barry contends that the State failed to present sufficient evidence to support his conviction of improper stopping or parking in violation of K.S.A. 8-1569(a). Barry asserts that the stipulated facts presented to the district court showed that his vehicle was stopped in the middle of the roadway "with no indication that there was an obstructed portion of any of the highway." Barry asserts that the applicable statute obligated the State to prove that his "vehicle was parked in a way that did not leave an unobstructed width of the highway opposite it for free passage of other vehicles." The State concedes that Barry is correct, and our review of the record supports Barry's assertion. Thus, we reverse Barry's conviction for improper stopping or parking, and we vacate the $75 fine associated with the conviction.

*DUI*

K.S.A. 2018 Supp. 8-1567(a)(3) states: "Driving under the influence is operating or attempting to operate any vehicle within this state while . . . under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle." Barry argues that (1) the State did not present sufficient evidence to show that he was incapable of safely operating the vehicle and (2) the DUI conviction cannot stand because his car was inoperable due to a dead battery, so he could not have operated the vehicle. We will address Barry's arguments in reverse order.

Barry argues that there was insufficient evidence to support the conclusion that he operated or attempted to operate his vehicle. In support, Barry cites *State v. Darrow*, 304 Kan. 710, 714, 374 P.3d 673 (2016), in which our Supreme Court held that in the context of the DUI statute, "to 'operate' means to 'drive'; 'driving' requires movement of the vehicle; therefore, 'operating' requires movement of the vehicle, and an 'attempt to operate' means an attempt to move the vehicle." Barry contends that because he could not

7

have moved the Corolla even if he had tried due to its dead battery, he could not have "moved" or "attempted to move" the vehicle, as required for a DUI conviction.

This court has rejected the argument that a DUI conviction cannot stand simply because the defendant's vehicle is inoperable. In *State v. Penland*, No. 91,718, 2004 WL 2496811 (Kan. App. 2004) (unpublished opinion), the appellant argued that he could not have operated or attempted to operate the car because it was inoperable due to a broken axle that was not discovered until the day after the incident. This court found that the defendant, who was revving the engine and spinning the tires to try to get his car out of a ditch, was attempting to operate the car even though the car would not move because of the broken axle. 2004 WL 2496811, at *3. Thus, this court concluded the evidence was sufficient to support the DUI conviction. 2004 WL 2496811, at *3.

Here, there was evidence that Barry attempted to operate his car on the night in question. The stipulated facts state that when Brooks knocked on the car's window, Barry "woke up and attempted to start the car and put it in gear." As this court noted in *Penland*, the fact that Barry could not start the car due to a dead battery is irrelevant to whether he attempted to move the car. Simply put, "[i]t is not necessary to show [actual] movement to establish an *attempt* to operate a vehicle under the influence of alcohol." *State v. Adame*, 45 Kan. App. 2d 1124, 1129, 257 P.3d 1266 (2011).

We next address Barry's argument that the State did not present sufficient evidence to show that he was incapable of safely operating the vehicle. Barry argues that the lack of field sobriety test results and blood test results make it impossible for a rational fact-finder to conclude beyond a reasonable doubt that he was impaired by alcohol to a degree that he was incapable of safely operating the vehicle.

As the State points out, a "defendant's guilt can be based entirely upon circumstantial evidence and the reasonable inferences drawn from such evidence." *State*

8

*v. Everest*, 45 Kan. App. 2d 923, 927, 256 P.3d 890 (2011). Here, when Brooks interacted with Barry, Barry was slumped over, he had vomit and saliva coming out of his mouth, he smelled strongly of alcohol, his eyes were watery and bloodshot, he had difficulty balancing, and he had difficulty answering questions. Barry also refused to submit to a test to determine the presence of alcohol or drugs, and a "person's refusal [to take such a test] shall be admissible in evidence against the person at any trial on a charge arising out of the alleged operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both." K.S.A. 2018 Supp. 8-1001(n). Considered in the light most favorable to the State, the evidence was sufficient for a rational fact-finder to conclude beyond a reasonable doubt that Barry was under the influence of alcohol to a degree that rendered him incapable of safely driving. Thus, we conclude there was sufficient evidence to support Barry's DUI conviction.

Affirmed in part, reversed in part, and vacated in part.