NOT DESIGNATED FOR PUBLICATION
No. 119,759

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LONNIE A. DAVIDSON,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed August 2, 2019.
Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM: In 2002, Lonnie A. Davidson was convicted of aggravated criminal sodomy. As a result of his conviction, Davidson had to register as a sex offender for 10 years under the Kansas Offender Registration Act (KORA). See K.S.A. 22-4906 (Furse 1995). Under later amendments to KORA, Davidson had to register for life. See K.S.A. 2006 Supp. 22-4906.

In 2017, the State charged Davidson with one count of failing to register under KORA. Davidson moved to dismiss, arguing retroactive application of the KORA amendments violated ex post facto and due process provisions and constituted cruel and

1

unusual punishment. The district court denied the motion, holding that KORA registration requirements are not punishment under *State v. Peterson-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016).

At trial, a witness from the Sedgwick County Sheriff's Office offender registration unit testified Davidson had failed to register in April 2017 as required. Another witness from the offender registration unit testified he had tried to contact Davidson by phone and in person but was unsuccessful. A jury convicted Davidson of failing to register. The district court sentenced him to 32 months in prison. Davidson appeals.

Davidson argues that we must reverse his conviction for failing to register. He claims the Kansas Legislature greatly expanded KORA after his conviction for aggravated criminal sodomy in 2002. According to Davidson, KORA's current form is punitive and applying it to him violates the Ex Post Facto Clause of the United States Constitution.

A statute's constitutionality is a question of law over which we have unlimited review. We presume statutes are constitutional and must resolve all doubts in favor of a statute's validity. We must also interpret statutes in a way that makes them constitutional if any reasonable construction would maintain the Legislature's apparent intent. *State v. Gonzalez*, 307 Kan. 575, 579, 412 P.3d 968 (2018).

The Ex Post Facto Clause forbids laws that impose a punishment for an act which was not a crime when it was committed or laws that impose a greater punishment than existed when the crime was committed. U.S. Const. art. 1, § 10. A law violates the Ex Post Facto Clause if two elements are present: (1) the law is retrospective, and (2) the law disadvantages the offender affected by it. *State v. Prine*, 297 Kan. 460, 469-70, 303 P.3d 662 (2013).

A threshold question in an ex post facto analysis is whether the challenged law imposes a punishment. See *Petersen-Beard*, 304 Kan. at 195-96. We determine whether a law is punitive by applying the "intent-effects" test. First, we consider whether the Legislature intended to impose a punishment. If so, the law is ex post facto, and this ends the analysis. But if the Legislature intended the law to be nonpunitive, we must then determine whether the law's effect is so punitive it negates the Legislature's intent. 304 Kan. at 194-95.

*Petersen-Beard* and *State v. Reed*, 306 Kan. 899, 399 P.3d 865 (2017), control the outcome here. The *Petersen-Beard* court considered KORA's constitutionality under the Eighth Amendment to the United States Constitution. It held the Legislature did not intend for KORA's lifetime sex offender registration scheme to be punitive, and the burdens imposed by KORA's registration requirements were not so onerous as to constitute punishment. 304 Kan. at 195, 207-08. *Reed* extended this holding to ex post facto challenges to KORA's registration requirements for sex offenders. 306 Kan. at 904.

Davidson acknowledges *Peterson-Beard* stands against his position but asks us to reevaluate its holding. But we are duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Williams*, 55 Kan. App. 2d 389, 391, 416 P.3d 1024 (2018). We see no such indication. See *State v. Rocheleau*, 307 Kan. 761, 766, 415 P.3d 422 (2018).

In his issue statement, Davidson also states KORA violates due process and equal protection and constitutes cruel and unusual punishment. But he did not brief any of these issues. Thus, we deem these arguments waived and abandoned. *State v. Lowery*, 308 Kan. 1183, 1231, 427 P.3d 865 (2018) ("A point raised incidentally in a brief and not argued there is deemed abandoned.").

Affirmed.