NOT DESIGNATED FOR PUBLICATION

No. 120,793

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN MEREDITH,
*Appellant*.


MEMORANDUM OPINION

Appeal from Riley District Court; JOHN F. BOSCH, judge. Opinion filed August 7, 2020. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Bethany C. Fields*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, P.J., ATCHESON and SCHROEDER, JJ.


ATCHESON, J.: After pleading no contest to two felony drug charges and being convicted of those offenses, Defendant Steven Meredith challenged his obligation to register and report under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., as cruel and unusual punishment violating the Eighth Amendment to the United States Constitution. In conjunction with sentencing Meredith, the Riley County District Court rejected the argument. Meredith has appealed that ruling. And ironically, we must affirm the ruling based on *State v. Meredith*, 306 Kan. 906, 399 P.3d 859 (2017), in

1

which Meredith unsuccessfully contested KORA registration requirements imposed on him for an earlier drug conviction.

In this case, the State charged Meredith with four drug felonies based on controlled buys made in early 2017. Through his lawyer, Meredith entered into an agreement calling for him to plead no contest to two counts of distributing methamphetamine, a severity level 4 drug felony in violation of K.S.A. 2016 Supp. 21-5705(a)(1) and (d)(3)(A). The district court accepted the pleas and found Meredith guilty of those crimes in October 2018.

In advance of the sentencing hearing in December 2018, Meredith filed a motion arguing that KORA registration for drug offenders violates the Eighth Amendment because they are unlike convicted sex offenders at whom the scheme was originally aimed. In turn, Meredith argued that KORA registration violated his constitutional protection against cruel and unusual punishment. The district court found KORA to be constitutional and denied Meredith any relief from the statutory registration and reporting requirements. The district court imposed a controlling prison term of 44 months on Meredith on one of the convictions and a concurrent term of 15 months on the second and ordered that he be placed on postrelease supervision for 24 months. The district court also directed Meredith to comply with KORA.

Meredith timely appealed. For his only issue on appeal, Meredith disputes the denial of his motion regarding KORA and repeats his argument that the scheme violates his Eighth Amendment right to be free of cruel and unusual punishment.

There are no disputed facts bearing on the issue, and it presents a question of law that we review without any deference to the district court's determination. But, as we have suggested, our review is governed by Kansas Supreme Court precedent—authority

2

to which we must defer. See *State v. Williams*, 55 Kan. App. 2d 389, 391, 416 P.3d 1024 (2018).

In 2009, Meredith pleaded no contest to and was convicted of distribution of methamphetamine. Under the version of KORA in effect then, he was required to register and report for a period of 10 years because of that drug conviction. In 2011, the Kansas Legislature extended the registration period for drug offenders like Meredith to 15 years. Meredith challenged the extension as a violation of the Ex Post Facto Clause of the United States Constitution that prohibits retroactively increasing the punishment for crimes. See U.S. Const. art. 1, § 10; *Carmell v. Texas*, 529 U.S. 513, 540, 120 S. Ct. 1620, 146 L. Ed. 2d 577 (2000) (outlining protections of Ex Post Facto Clause); *State v. Myers*, 260 Kan. 669, Syl. ¶ 5, 923 P.2d 1024 (1996), *cert. denied* 521 U.S. 1118 (1997). In that case, Meredith eventually filed a motion attacking the 2011 extension of the KORA requirements. The district court denied the motion, and this court affirmed. The Kansas Supreme Court granted Meredith's petition for review to consider the issue.

To succeed on an ex post facto challenge, a party must show the disputed government action constitutes a criminal punishment. In other words, only a criminal sanction can violate the Ex Post Facto Clause. In Meredith's earlier case, a divided court held that the KORA registration and reporting requirements did not amount to punishment for purposes of the Ex Post Facto Clause. *Meredith*, 306 Kan. at 909-10. The court has recognized that the same considerations rendering KORA a nonpunitive obligation under the Ex Post Facto Clause likewise preclude a constitutional challenge to the statutory scheme as punishment violating the Eighth Amendment. See *Meredith*, 306 Kan. at 909-10; *State v. Petersen-Beard*, 304 Kan. 192, 196-97, 377 P.3d 1127 (2016). Those precedents undercut Meredith's Eighth Amendment challenge.

In *Meredith*, however, the court suggested that if a convicted drug offender could marshal a detailed factual record showing defendants convicted of drug crimes pose a

demonstrably less serious threat to the public safety and a markedly lower rate of recidivism than convicted sex offenders required to register under KORA, that evidence would advance a colorable constitutional challenge under either the Ex Post Facto Clause or the Eighth Amendment. 306 Kan. at 912-13.

In this case, Meredith presented legal arguments to the district court but did not make a factual showing that convicted drug offenders materially differ from convicted sex offenders in ways that would indicate KORA registration might impose a punitive sanction on them. His presentation fell short of what the court suggested in *Meredith* would be necessary to—though, perhaps, not sufficient for—a constitutional challenge to KORA registration as an Eighth Amendment violation. The district court, therefore, properly denied Meredith's motion for relief from KORA registration and reporting based on his 2018 convictions.

Affirmed.