NOT DESIGNATED FOR PUBLICATION

Nos. 124,530
124,531

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARLES Q. PARKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed November 18, 2022. Appeal dismissed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Charles Q. Parker was required to register as a sex offender for 10 years under K.S.A. 2002 Supp. 22-4906(a), following his release from prison in 2007 for a 2002 conviction. The law was changed in 2011 to require lifetime registration for this offense. See K.S.A. 2011 Supp. 22-4906(d)(3). Had the law not been changed, Parker's registration requirement would have ended in 2017. But in 2019 Parker was charged with violating this new registration requirement. That charge was resolved when, as called for in a plea agreement with the State, Parker pled guilty to the registration violation. Now, in his direct appeal, Parker contends that the retroactive application of the new

1

requirement for lifetime registration as a sex offender violates the Ex Post Facto Clause of the United States Constitution. But because Parker pled guilty to the registration violation, we have no jurisdiction to review that conviction by way of a direct appeal. Accordingly, we must dismiss this appeal for lack of jurisdiction.

FACTUAL AND PROCEDURAL HISTORY

In 2003 Parker was convicted of aggravated indecent liberties with a child. At the time of Parker's offense, the Kansas Offender Registration Act (KORA) required that defendants convicted of aggravated indecent liberties with a child register as violent sex offenders for a period of 10 years following their release from prison. See K.S.A. 2002 Supp. 22-4906(a). In 2007, Parker completed serving his sentence and was released from prison. But in 2011, KORA was amended to require lifetime registration for Parker's offense. K.S.A. 2011 Supp. 22-4906(d)(3). Absent this change in the registration requirement, Parker's obligation to register as a sex offender would have expired in 2017.

In August 2019, Parker was charged with drug crimes and failing to register under KORA. Parker moved to have the registration charge dismissed, arguing that his registration obligation ended in 2017. At the December 2019 scheduled hearing on the motion, Parker, who was proceeding pro se, advised the court that he was not prepared to go forward with the motion without counsel. At Parker's request, the court continued the matter and made arrangements for the appointment of counsel. Counsel was appointed for Parker the following day. That counsel was replaced by new counsel in March 2020. There is nothing in the record to indicate that either counsel for Parker ever rescheduled a hearing on Parker's motion.

In November 2020, Parker entered into a plea agreement with the State. As called for in the agreement, Parker pleaded guilty to both the KORA violation and a drug

charge. The district court accepted Parker's pleas, found him guilty, and sentenced him to a controlling term of 47 months.

This direct appeal followed. Parker contends on appeal that he was wrongly convicted on the KORA charge because the retroactive application of KORA's 2011 lifetime registration requirements is unconstitutional under the Ex Post Facto Clause of the United States Constitution.

ANALYSIS

The threshold—and controlling—issue is whether this court has subject matter jurisdiction to consider Parker's appeal. Whether jurisdiction exists is a question of law over which our scope of review is unlimited. *State v. Lundberg*, 310 Kan. 165, 170, 445 P.3d 1113 (2019).

The fate of Parker's appeal is controlled by our Supreme Court's holding in *State v. Smith*, 311 Kan. 109, 120, 456 P.3d 1004 (2020). Smith was stopped for suspicion of driving under the influence on two separate occasions in 2014. In two separate cases he was charged with failing to submit to an alcohol or drug test. Smith moved to dismiss both charges, arguing that it was unconstitutional to criminalize such conduct. In each case the district court denied the motion. Smith then negotiated plea agreements with the State under which he pled guilty to these charges in exchange for the State dismissing other charges. The district court accepted his pleas and found him guilty. In November 2015, Smith appealed his convictions to this court, and both cases were consolidated on appeal.

In February 2016, our Supreme Court issued its opinion in *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016). There, the Supreme Court held that the statute that criminalized refusing to submit to testing for alcohol or drugs was facially

3

unconstitutional. 303 Kan. at 963. Smith relied on the holding in *Ryce* in his direct appeal to this court. Relying on *State v. Hall*, 292 Kan. 862, 866, 257 P.3d 263 (2011), this court determined that it lacked jurisdiction to consider the direct appeal of Smith's convictions when Smith pleaded guilty to the crimes. The court dismissed Smith's appeal. *State v. Smith*, No. 115,321, 2018 WL 559804 (Kan. App. 2018) (unpublished opinion). Our Supreme Court accepted review of the appeal.

On review, our Supreme Court affirmed the decision of the Court of Appeals, finding that the court lacked subject matter jurisdiction to consider Smith's appeal and noted: "K.S.A. 22-3602(a) explicitly provides that a defendant cannot appeal a conviction after pleading guilty." *Smith*, 311 Kan. at 123. The applicable part of K.S.A. 22-3602(a) provides:

> "No appeal shall be taken by the defendant from a judgment of conviction before a
> district judge upon a plea of guilty or nolo contendere, except that jurisdictional or other
> grounds going to the legality of the proceedings may be raised by the defendant as
> provided in K.S.A. 60-1507, and amendments thereto."

Our Supreme Court concluded that under this statute the sole exception to its jurisdictional prohibition was that "'prisoner[s] in custody' are still able to file motions under K.S.A. 60-1507 in the district court and appeal rulings on that motion." 311 Kan. at 115.

*Smith* controls. What we have before us is Parker's direct appeal of his convictions, which were based on his guilty pleas. He is not appealing an adverse ruling on a K.S.A. 60-1507 motion, for which the statute provides an exception. This court has no subject matter jurisdiction to consider Parker's direct appeal of his convictions.

Parker argues that *Smith* was wrongly decided. But we are bound to follow the holding in *Smith* absent some indication that our Supreme Court is departing from its holding. See *State v. Williams*, 55 Kan. App. 2d 389, 391, 416 P.3d 1024 (2018). We see no such indication and dismiss Parker's appeal for lack of subject matter jurisdiction.

Appeal dismissed.